**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HECTOR & BELINDA SANTIAGO,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | |
| | } | **CASE NO. 1:12-CV-02792-KOB** |
| **CENTURY 21/PHH MORTGAGE,** | } | |
| | } | |
| **Defendant.** | } | |

**MEMORANDUM OPINION**

This case is before the court on the Defendant's Motion for Judgment on the Pleadings, (Doc. 8) filed on January 23, 2013. On January 30, 2013, the pro se Plaintiffs filed the "Brief of Hector Raljek and Belinda Gail Santiago, Plaintiffs, in Support of Their Motion for Summary Judgment." (Doc. 9). Because the Plaintiffs filed no motion for summary judgment, the court treats this brief as a response to the Defendant's motion. Upon consideration of the record, the submissions of the parties, and the relevant law, the court finds that the Defendant's Motion is due to be GRANTED.

**I. BACKGROUND**[1]

The Plaintiffs, Hector and Belinda Santiago, entered a mortgage loan agreement with the Defendant, Century 21/PHH Mortgage (PHH), on June 27, 2006 for the amount of $165,250.00. (Doc. 8, ¶ 4). The Defendant received a letter from Hector Santiago on July 2, 2012. (Doc. 8-1,

---

[1]As required when considering a motion for judgment on the pleading, the court reads the facts in the complaint in the light most favorable to the non-movant. *Hardy v. Regions Mortg., Inc.*, 449 F. 3d 1357, 1359 (11th Cir. 2006).

Ex. A). Interpreting the letter to the best of the court's ability, it assumes Mr. Santiago was notifying PHH of his request for a "payoff statement" and his referral of the statement "to the IRS Criminal Investigation Division for set-off and closure pursuant to Art. 1 Sect. 10 of the Constitution, HJR 192, and Public Law 73-10."[2] (*Id*.) Mr. Santiago attached what he calls "a commercial affidavit" to the letter. This affidavit attempts to set up a legal process by which PHH must respond and rebut each point of the affidavit within thirty days.[3] (*Id*. at ¶ 23).  The letter also contained what was described as "payment/issued my credit." (*Id*.) Again, the court interprets the documents to the best of its ability and can only determine the "payment" is a late payment notice sent to Mr. Santiago from PHH on which Mr. Santiago attempted to handwrite a money order. (*Id*.)

PHH responded to Mr. Santiago's letter on July 24, 2012, notifying him that his "payment" was not a valid money order or check. PHH attached copies of the Santiagos'

---

[2] Article 1, § 10 of the U.S. Constitution reads, "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility." The court believes the Plaintiffs' mention of "HJR 192, Public Law 73-10" is a reference to House Joint Resolution 192, which bears the heading, "To assure uniform value to the coins and currencies of the United States," and states, in essence, that obligations requiring payment "in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby" are against public policy, and that U.S. currency is legal tender for all debts. H.R.J. Res. 192, 73d Cong. (1933). The Plaintiffs did not offer an explanation for these citations. To the extent that the Plaintiffs attempt to argue that the movement away from the gold standard in 1933 somehow negates a mortgage loan agreement that they freely signed in 2006, the court rejects this argument.

[3] As explained later in this opinion, the Plaintiffs appear to be aligned with the "sovereign citizens" movement. The court recognizes the use of "affidavits" and other pseudo-legal documents that purport to require responses within a specified time or face "legal consequences" of the author's own making. Such tactics do not create valid legal documents.

mortgage, note, and a copy of a payoff statement in an attempt to respond to his concerns, though

it admitted to not understanding Mr. Santiago's complaint. (Doc. 8-2, Ex. B). Mr. Santiago sent a

document to PHH on August 7, 2012, titled "Notice of Fault and Opportunity to Cure." (Doc. 8-

4). Another affidavit is attached to this document, which attempts to force PHH to either respond

to Mr. Santiago's previous affidavit, though it had responded already, or accept renegotiated

terms of his choosing. (*Id.*)

The Plaintiffs filed the instant case on August 24, 2012, via a pro se complaint, alleging a

"Tort Claim" and violations of 18 U.S.C. 241-242 and 15 U.S.C. 1692. (Doc. 1, Complaint, ¶ 3).

## II. STANDARD OF REVIEW

"Judgment on the pleadings is appropriate where there are no material facts in dispute and

the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*,

250 F.3d 1299, 1301 (11th Cir. 2001) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th

Cir.1999)).  When considering a motion for judgment on the pleadings, the court "must accept all

facts in the complaint as true and view them in the light most favorable to the plaintiff." *Moore v.

Liberty Nat. Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001).  "Dismissal is not appropriate

unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief

that allows the court to draw a reasonable inference that the defendant is liable for the alleged

misconduct."  *Jiles v. United Parcel Service, Inc.*,  413 F. App'x 173, 174 (11th Cir. 2011) (per

curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

## III. DISCUSSION

### A. Claims Asserted Under 18 U.S.C. §§ 241-242

The Plaintiffs' first allegation listed in the complaint is a violation of 18 U.S.C. §§ 241-

242.  Title 18 U.S.C. § 241 makes it a *crime* for

> two or more persons [to] conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; . . . .

Title 18 U.S.C. § 242 is also a *criminal* statute, meant to prosecute those who

> under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, . . . .

The court need not spend much time analyzing the Plaintiffs' claims under these statutes. Criminal statutes provide no basis for civil liability. *See Hundley v. Daniels*, 2005 WL 1389878, at *1 (M.D. Ala. June 10, 2005) (citing *Aldabe v. Aldabe*, 616 F. 2d 1089, 1092 (9th Cir. 1980)). In other words, an ordinary person does not have standing to bring a criminal case; only a federal or state prosecutor can file a criminal charge against a person or entity. If the Plaintiffs believe they are victims of a criminal act, they are encouraged to contact the proper law enforcement officials. As a matter of law, the Plaintiffs' claims under Title 18 U.S.C. §§ 241-242 are due to be dismissed.

**B. Fair Debt Collection Practices Act Claim**

The Plaintiffs also list Title 15 U.S.C. § 1692, the Federal Debt Collection Practices Act (FDCPA), as a basis for the court's jurisdiction. The FDCPA provides a civil remedy when "any debt collector ... fails to comply with any provision in this subchapter." 15 U.S.C. § 1692k. To prove a FDCPA claim, a plaintiff must prove that "(1) [he/she] has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the

FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."
*Hunt v. 21st Mortg. Corp.*, 2012 WL 2903783, at \*5 (N.D. Ala. 2012) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360–61 (S.D. Fla.2000)).

The Defendant's identity and function as a mortgage servicer is fatal to the Plaintiffs' claim. The Plaintiffs do not dispute that the Defendant is a mortgage servicer. The debt in question is a mortgage loan that originated with the Defendant. "It is well-established that mortgage servicers do not fall within the definition of debt collector." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011). The definition of a debt collector under the FDCPA is "any person who uses any instrumentality of interstate commerce or mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, the definition explicitly excludes:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F).

As seen in the clear language of the FDCPA definitions, "an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgage of real property . . . falls outside the ambit of the FDCPA." *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009) (determining that "the act of foreclosing on a security interest is not debt collection activity for the purposes of the FDCPA."); *see also Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1371

(S.D. Fla. Mar. 23, 2011) (concluding that plaintiff's claims under the FDCPA should be dismissed because "neither Defendants are 'debt collectors' as contemplated by the statute which explicitly excludes mortgage servicing companies"); *Hennington v. Greenpoint Mortg. Funding, Inc.,* Nos. 1:09–cv–676–RWS, 1:09–cv–962–RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) (noting that "[i]t is well established that the FDCPA applies only to 'debt collectors' and not to creditors or mortgage servicers.").

The Plaintiffs cite to *Bridge v. Ocwen Federal Bank*, 681 F. 3d 355 (6th Cir. 2012).  In that case, the Defendants were found to fall into the definition of a "debt collector" because the servicer treated the debt as if it were in default from the time it began to service the loan. *Id*. at 360 fn. 4. The Plaintiffs have claimed no such fact here and have not disputed the facts showing the opposite as put forth by the Defendant. As a matter of law, the Plaintiffs' FDCPA claim fails because the Defendant is not a debt collector under the FDCPA definitions.

## C. Other Claims and Jurisdictional Issues Asserted Through "Sovereign Citizen" Theories

After the Motion for Judgment on the Pleadings came under submission and after the court had begun to consider the arguments of the parties, Hector Santiago filed an additional "Brief in Support of their Motion for Summary Judgment" (doc. 13) on March 4. 2013, which will be referred to as the "March Brief." The March Brief is of different substance than the earlier brief of the same name (doc. 9) filed on January 30, 2013, the "January Brief." As noted earlier, the Plaintiffs filed no summary judgment motion prior to either brief claiming to support such motion; the court will consider the Plaintiffs' arguments with the leniency and liberal reading due

to pro se plaintiffs.[4]

The January Brief contains a list of "Undisputed Facts," which begins with the assertion that "[t]he plaintiff is not Pro Se and is making a Special Appearance." (Doc. 9, p. 2). The court would remind the Plaintiffs that they willing filed their complaint and paid the filing fee to institute the current action, thus submitting themselves to the jurisdiction of the court. After voluntarily invoking the jurisdiction of this court, the Plaintiffs are not free to create their own rules and, like all other litigants, must abide by the rules of the court. If the Plaintiffs would like to withdraw themselves from the jurisdiction of the court, the court will gladly accept a voluntary motion to dismiss their claims.

The March Brief contains a document titled "Affidavit of Status As Secured Party And Creditor." Neither Belinda Santiago's name nor signature appear anywhere in the March Brief, though the court will assume she is still party to the instant case. From the court's most careful reading of the March Brief, it appears that Hector Santiago is attempting to establish two separate identities for himself: (1) "[TM] HECTOR R. SANTIAGO ©, A LEGAL ENTITY FOR USE IN COMMERCE # 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," and (2) "[TM] Hector-Raliek: Santiago ©, A Living, Natural Male, and Secured Party." (Doc. 13). Mr. Santiago attempts to invalidate any contracts that list his name in all capital letters and establish that his "Sentient, Flesh and Blood, Non-Corporate, Natural Man, Hector-Raliek: Santiago ©" name has not been authorized for use by any agency or person.

From the nature of the Plaintiffs' arguments, as well as the "affidavits" sent to the

---

[4] The court notes that even if the Plaintiffs' briefs were construed as motions, they would not be entitled to relief because such motions would be denied for many of the same reasons that the Defendant's Motion for Judgment on the Pleadings is being granted, as well as other reasons.

Defendant, the court recognizes that the Santiagos adhere to the beliefs of the "sovereign citizen"

movement. An excerpt from *Bryant v. Washington Mut. Bank* is helpful for understanding the

theoretical basis of the Plaintiffs' arguments:

> The foundation of Plaintiff[s'] claim is equal parts revisionist legal history and conspiracy theory. Supposedly, prior to the passage of the Fourteenth Amendment, there were no U.S. citizens; instead, people were citizens only of their individual states. Even after the passage of the Fourteenth Amendment, U.S. citizenship remains optional. The federal government, however, has tricked the populace into becoming U.S. citizens by entering into "contracts" embodied in such documents as birth certificates and social security cards. With these contracts, an individual unwittingly creates a fictitious entity (i.e., the U.S. citizen) that represents, but is separate from, the real person.FN8 Through these contracts, individuals also unknowingly pledge themselves and their property, through their newly created fictitious entities, as security for the national debt in exchange for the benefits of citizenship. However, the government cannot hold the profits it makes from this use of its citizens and their property in the general fund of the United States because doing so would constitute fraud, given that the profits technically belong to the actual owners of the property being pledged (i.e., the real people represented by the fictitious entities). Therefore, the government holds the profits in secret, individual trust accounts, one for each citizen.

>> FN8. Further thickening the plot, the name of the fictitious entity is the real person's name in all-capital letters, which apparently explains why names are commonly written in all-capital letters on birth certificates, driver's licenses, and other government documents.

> Because the populace is unaware that their birth certificates and such are actually contracts with the government, these contracts are fraudulent. As a result, the officers of government are liable for treason unless they provide a remedy that allows an individual to recover what she is owed-namely, the profits held in her trust account, which the government has made from its use of her and her property in the commercial markets.
> . . .
> In these financing statements, Plaintiff lists herself as both the secured party and the debtor, her apparent intent being to register a security interest in the fictitious entity that was created by her birth certificate and other government documents (i.e., the U.S. citizen "MAUREEN FRANCES BRYANT"). FN11

>> FN11. This no doubt explains the odd captions of Plaintiff's filings, in which, above the expected "MAUREEN BRYANT, PLAINTIFF," she inserts the

> phrase "Maureen-Frances:Bryant, lawful woman, neutral intervening third party." Plaintiff adds in her Complaint that "Maureen-Frances:Bryant has a perfected security interest in MAUREEN FRANCES BRYANT." (Second Am. Compl. ¶ 3.) Presumably, Plaintiff intends to suggest that her fictional citizen is the plaintiff in this action and that the real Maureen Bryant, the supposed secured party, is merely intervening on the fiction's behalf.

524 F. Supp. 2d 753, 758-760 (W.D. Va. 2007).

The attempt to divide oneself into two separate entities, with only one being liable for incurring debts, is a legal fiction and has been struck down consistently in courts around the country. *See U.S. v. Delatorre*, 2008 WL 312647 at *2 (N.D. Ill. 2008) (stating that jurisdiction over the party "remains valid whether his name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies himself as: a 'real flesh and blood man, in his private capacity,' a 'sovereign secured party creditor;' [or] a debtor "); *McLaughlin v. CitiMorgage, Inc.*, 726 F. Supp. 2d 201 (D. Conn. 2010).

If Mr. Santiago has entered into a valid contract, regardless of how his name is typed, whether with the Defendant or any other entity outside this case, he is limited to the rights and remedies provided to him in the applicable state and federal laws and courts of the United States of America. The conspiracy and legal revisionist theories of "sovereign citizens" are not established law in this court or anywhere in this country's valid legal system. To the extent that the Plaintiffs attempt to invalidate the debt at issue in this case through any of their current filings, their attempts are without any legal merit. If the Plaintiffs wish to claim a remedy due to them, they are encouraged to file for such under the recognized laws of this jurisdiction.

## IV. CONCLUSION

Because no genuine issue of material fact exists and the Plaintiffs' claims fail as a matter

9

of law, the Defendant's Motion for Judgment on the Pleadings is due to be GRANTED.

Dated this 27th day of March, 2013.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE